IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAMARCUS RASHAD GIBBS,<br><br>Defendant. | No. 3:20-mj-00564-DMS |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, R. Allen Adair, having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that DAMARCUS RASHAD GIBBS has committed the following federal criminal offense:

    **Count 1**: On or about June 7, 2020, within the District of Alaska, DAMARCUS RASHAD GIBBS knowingly possessed a stolen firearm which has been shipped or transported in, interstate or foreign commerce, in violation of Title 18 United States Code § 922 (j).

2. The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports, my own investigation of this matter, and my training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

3. I am a Police Detective employed by the Municipality of Anchorage Police Department,

NOV 2 3 2020

(APD) and am presently a Commissioned Police Officer in the State of Alaska, assigned as a Task Force Officer to the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Anchorage Field Office. Between May 2007 and April 2019, I was assigned to APD's Vice Unit. My responsibilities within the Vice Unit involved investigations related to the trafficking of controlled substances.

4. I have more than twenty-five years of combined law enforcement experience. I was an explosive and drug detector dog handler with the United States Air Force from June 1991 to August 1996. In August 1996, I was credentialed as a Special Agent with the Air Force Office of Special Investigations. In August 2004, I left active duty with the military and was employed with the Anchorage Police Department as an Officer. I retired from the Air Force Office of Special Investigations in May 2011.

5. I have graduated from three basic law enforcement academies. The first was the United States Air Force Police Academy in December 1991. The second was the Air Force Office of Special Investigations Academy in November 1996 and the third was the APD Academy in January of 2005; as a result of my training and experience, I am familiar with the Federal Firearms and Drug laws.

## CASE SUMMARY

6. On June 19, 2020, upon examination of Anchorage Police Department (APD) submissions of ballistic evidence to the National Integrated Ballistic Information Network (NIBIN) database, the ATF NIBIN National Correlation and Training Center (NNCTC) generated a NIBIN Lead

Notification[1] that was later designated as NIBIN Lead 20-037. A review of NIBIN Lead 20-037 presumptively indicates that a stolen firearm recovered from DEMARCUS RASHAD GIBBS on June 07, 2020, was utilized in a shooting approximately 10 days earlier on May 28, 2020.

## FACTS ESTABLISHING PROBABLE CAUSE

### *May 28, 2020*

### *APD Case #20-16503(Misconduct Involving Weapon - Shots Fired)*

7. On May 28, 2020, APD officers responded to the area of Core Court and Molanary Drive following reports of shots fired. Initial investigation of this incident determined that 3 suspects fired at least 15 rounds towards 3 individuals who were in and around a parked SUV at the end of the cul-de-sac on Core Court. Three vehicles and one residence were struck by the gunfire. Following the shooting, multiple witnesses reported seeing 3 suspects running away from the scene. The suspects ran between 3701 and 3711 Core Court and left the area in two vehicles parked alongside 3701 Core Court. Investigation identified one of the suspect vehicles as a silver 2012 Chevrolet Malibu with Alaska license plates JKN972. Alaska Department of Motor Vehicles records report this vehicle as registered to Andre Samaniego.

8. APD officers located and recovered a total of 15 fired cartridge casings consisting of 9mm and .45 caliber. The fired cartridge casings recovered by APD officers during the course of this investigation were examined and entered into the NIBIN database for possible matching.

---

[1] Anchorage Police Department (APD) NIBIN Lead Notifications are developed through a correlation review of APD ballistic evidence by ATF and have not yet been confirmed by microscopic comparison. Similar to a presumptive positive received from a narcotics test-kit, a NIBIN Lead Notification is a presumptive investigative lead which requires further microscopic comparison to obtain NIBIN lead confirmation.

U.S. v. Gibbs
3:20-mj-00564-DMS

Page 3 of 7

NOV 2 3 2020

Case 3:20-mj-00564-DMS   Document 1-1   Filed 11/23/20   Page 3 of 7

### June 05, 2020

### APD Case #20-17390 (Stolen Vehicle and Assault)

9. On June 5, 2020, Andre Samaniego was a passenger in a vehicle when she saw her silver 2012 Chevrolet Malibu with Alaska license plates JKN972, in the drive-thru of Raising Cane's restaurant (849 E Dimond Boulevard, Anchorage, AK). Samaniego's vehicle began following the Chevrolet Malibu. While following the vehicle, Samaniego stated that the front passenger stuck his head out the window and pointed a black pistol towards her. At this time, Samaniego became fearful and stopped following the vehicle. Samaniego described the front passenger as a light-skinned black male who appeared to be less than 20 years old with a shaved head on the sides and approximately 1-2" of hair on top.

10. Following the altercation, Samaniego contacted APD to report the incident. Samaniego reported that her vehicle had been stolen sometime in mid-February 2020, however, due to a misunderstanding the vehicle was never reported stolen. Samaniego explained that the vehicle had been scheduled for repossession but the vehicle was stolen before it could be repossessed. After confirming that the vehicle had not been previously entered as stolen, APD dispatch entered the vehicle as stolen on June 05, 2020.

### June 07, 2020

### APD Case #20-17390 (Recovery of Stolen Vehicle and Stolen Firearm)

11. On June 07, 2020, at approximately 1430 hours, an APD officer located Samaniego's stolen vehicle backed into a parking spot in the parking lot of Lions Park. The officer made contact with the occupants of the vehicle, later identified as DAMARCUS RASHAD GIBBS (driver), Xzavion Richards (front passenger) and Rajiem Demings (rear passenger side). During initial contact with GIBBS, he said something similar to, "this car isn't stolen?" When the officer told

GIBBS that the vehicle was stolen GIBBS started to rant about how he bought a stolen car. GIBBS stated that he should have known and added that he only owed $300 more for the vehicle.

12. After taking all of the occupants into custody, officers approached the stolen vehicle and observed a brown and black grip of a firearm sticking out from under the driver's seat. The firearm was recovered from under the seat and identified as a:

- Remington 1911R1 .45 caliber pistol, serial number: RHH036738

This firearm was reported stolen to APD (Case #18-2655) on January 18, 2018. Also located under the driver's seat was marijuana, a scale and drug packaging.

13. All occupants of the vehicle were transported to APD to be interviewed. Before beginning the interview with GIBBS, an APD detective read GIBBS his Miranda rights. GIBBS stated that he understood his rights and agreed to speak with detectives. During the interview with GIBBS, he stated that he bought the vehicle for $1,000 from a man he knows as "Bobby." GIBBS showed detectives a Snapchat conversation on his phone in an effort to corroborate his statements. The conversation indicated paying $1,000 for the Malibu. The conversation also detailed GIBBS explaining that he was going to sell "the gun" for $600 to give to "Bobby." After initial denials regarding the firearm recovered from the vehicle, GIBBS admitted to buying the firearm from someone in Mt. View for $500. GIBBS further acknowledged that he knew the firearm was stolen and estimated that it was loaded with 6 rounds of ammunition. GIBBS informed detectives that he bought the firearm for protection because someone had been following him and yelling at him. GIBBS stated that the marijuana and scale recovered from the vehicle also belonged to him. GIBBS acknowledged selling marijuana to friends and utilizing the scale so that he would not have to "eyeball it" and give them too much. GIBBS also stated that he mostly possessed the marijuana to smoke.

14. During the interviews of Richards and Demings, both initially denied knowing about the firearm in the vehicle before acknowledging that they knew it was in the vehicle and they had previously handled it. Neither Richards or Demings claimed ownership of the firearm.

15. The stolen firearm possessed by GIBBS was test-fired and entered into the NIBIN database for possible matching. On June 19, 2020, upon examination of APD submissions of ballistic evidence to the NIBIN database, the ATF NNCTC generated a NIBIN Lead notificaiton that was later designated as NIBIN Lead 20-037. A review of NIBIN Lead 20-037 presumptively indicates that the stolen Remington 1911R1 .45 caliber pistol possessed by DEMARCUS RASHAD GIBBS on June 07, 2020, was presumptively linked to .45 caliber fired cartridge casings collected from the crime scene of a shooting on May 28, 2020.

16. Following the interview with GIBBS, he was arrested on state charges and charged with theft in the 2nd degree - Firearm. Investigators reviewed recorded jail phone calls made by GIBBS following his arrest. On numerous occasions, GIBBS informed people that he was arrested for a firearm that he knew was stolen. GIBBS also claimed on numerous occasions that he was not aware the vehicle was stolen. GIBBS explained that he had the vehicle for 3 weeks and believes that the people who chased him 2 days earlier reported it stolen. GIBBS explained that a vehicle with a white male and light skinned girl had followed him 2 days ago in the area of Tudor Road. As previously detailed above, Andre Samaniego contacted APD to report seeing her stolen vehicle. Samaniego attempted to follow the vehicle but stopped after an occupant in the vehicle pointed a firearm towards her.

17. On November 23, 2020, I provided ATF Special Agent (SA) Ryan Borgeson, an interstate nexus examiner, with the following firearm information:

- Remington 1911R1 .45 caliber pistol, serial number: RHH036738

U.S. v. Gibbs
3:20-mj-00564-DMS

NOV 2 3 2020

Based upon the firearm information I provided to SA Borgeson, it was determined that the stolen firearm possessed by GIBBS was not manufactured in the State of Alaska and has therefore traveled in or affected interstate commerce.

## CONCLUSION

18. I have probable cause to believe that GIBBS has committed the offenses described in the complaint. Accordingly, I ask the court to issue a warrant for GIBBS's arrest in accordance with Federal Rule of Criminal Procedure 4(a).

RESPECTFULLY SUBMITTED,

R. Allen Adair
Task Force Office, Bureau of Alcohol, Tobacco, Firearms, and Explosives

SUBSCRIBED AND SWORN TO ~~before me on~~ *telephonically* November 23rd, 2020.

Deborah M. Smith
UNITED STATES MAGISTRATE JUDGE

U.S. v. Gibbs
3:20-mj-00564-DMS

Page 7 of 7

Case 3:20-mj-00564-DMS   Document 1-1   Filed 11/23/20   Page 7 of 7